# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

U.S. Courthouse & Federal Building
Office of the Clerk
2110 First Street, Room 2-194
Fort Myers, FL 33901
(239) 461-2000

| | | |
|---|---|---|
| **Elizabeth M. Warren** | www.flmd.uscourts.gov | **Leslie M. Friedmann** |
| Clerk of Court | | Fort Myers Division Manager |

September 24, 2021

In re: *Battle v. McDonald's Corp.*
         2:03-cv-458-JES

Dear Donna F. Battle,

     I have been contacted by Senior Judge John Steele who presided over the above mentioned case. The Complaint was filed on August 8, 2003, along with a request to proceed *in forma pauperis*. The assigned Magistrate Judge issued a Report and Recommendation that the request be denied, and the case be dismissed. You, Donna F. Battle, filed an interlocutory appeal and a request to proceed *in forma pauperis* on appeal. The request was denied by the undersigned as the appeal stemmed from a non-final and non-appealable Report and Recommendation. The appeal was dismissed for lack of jurisdiction by the Eleventh Circuit Court of Appeals, and the Report and Recommendation was adopted without objections on the record. Judgment was issued on October 28, 2003, dismissing the case without prejudice. Defendant McDonald's Corp. was never served and did not file an appearance.

     I have been informed that it was recently brought to Judge Steele's attention that while he presided over the case, he owned common stock in McDonald's Corporation. His ownership of stock neither affected nor impacted his decision in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Steele directed that even though the case has been closed for almost eighteen years, I notify you of the conflict.

     Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then

      determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

      Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

      With Advisory Opinion 71 in mind, you are invited to respond to Judge Steele's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before **October 25, 2021**. Any response will be considered by another judge of this court without the participation of Judge Steele.

      Judge Steele has directed that a copy of this letter be docketed in the court file.

      Sincerely,

      */s/Elizabeth M. Warren*
      Clerk of Court

Last known addresses:
1. P.O. Box 1212, Fort Myers, Florida 33902-1212 (in 2003)
2. 2320 Wooster Lane, Lake Palms #14, Sanibel Island, Florida 33957 (in 2008)

Copy: Administrative Office of the U.S. Courts